ELIAS E. HOFFMAN *v.* WILLIAM HOFFMAN.

[Abstract Kentucky Law Reporter, Vol. 5—935.]

**Improvements of Occupying Claimant.**

When the occupant of land improves it believing that he owns it, and it is thereafter adjudicated that he does not, he is entitled to receive the value of such improvements less the rents, and this will not be determined by the enhanced value of the land upon which they were placed.

APPEAL FROM KENTON CHANCERY COURT.

May 1, 1884.

OPINION BY JUDGE PRYOR:

The facts of the record establish: 1. That appellant's father made to him a parol gift of the land in controversy. 2. That the son entered upon the land and erected a dwelling and all the necessary outbuildings for his comfort and the improvement of the place. 3. That he was induced to abandon his home at the earnest solicitation of his father and take possession under the gift, and that these facts were all known to the appellee (his brother), as is manifest from the testimony in the case. There is some proof conducing to show that the appellant entered as a renter, but the great weight of the testimony as well as the act of the appellant in improving the premises rejects any such conclusion.

The award was not binding on the parties as the chancellor has decided, but in rendering a judgment canceling it the court below has failed to give the appellant the equitable relief to which he was entitled. The value of the improvements to be alowed the appellant less the rents is not to be determined by the enhanced value of the land upon which they were placed. If the father made the gift, and this is clearly established, it would be but poor compensation to the appellant to allow him pay for improvements made and then charge him with the rents, and by such a process bring the appellant in debt. The father under the circumstances

is not entitled to rent, and the brother of the appellant with notice of the gift is in no better condition. The enhanced value of the land should have been estimated in this case at $400, the improvements costing greatly more, and the appellee allowed rent from the time he repudiated the award, if the appellant was then in possession. As long as he was in possession after that date he is responsible for rent but no longer. We perceive no other error prejudicial to the appellant; and for the reasons indicated the judgment below is reversed and cause remanded with directions to credit the improvements by the rent as indicated and for proceedings consistent with this opinion.

*Stevenson, O'Hara & Bryan, William Goebel, for appellant.*
*Eginton & Gray, for appellee.*